## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LUKE A. GERKIN (#583904) | CIVIL ACTION |
| VERSUS | |
| DR. HAL MCMURDO, ET AL. | 19-249-BAJ-RLB |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on December 13, 2019.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**LUKE A. GERKIN (#583904)**                                   **CIVIL ACTION**

**VERSUS**

                                                               **19-249-BAJ-RLB**

**DR. HAL MCMURDO, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Motion to Dismiss filed on behalf of defendants Dr. Hal McMurdo, Warden Jason Kent, and Secretary James LeBlanc (R. Doc. 13). The motion is opposed in part. *See* R. Doc. 18.

The *pro se* plaintiff, an inmate confined at Dixon Correctional Institute ("DCI"), Jackson, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 complaining that his constitutional rights were violated due to deliberate indifference to his serious medical needs. He prays for monetary and injunctive relief.

The defendants assert, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that the plaintiff has failed to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded

facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id*. (citation omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

In his Complaint, as amended (R. Doc. 10), the plaintiff alleges the following: On January 8, 2018 he was transferred to DCI. The plaintiff suffered a prior accident which resulted in a broken pelvis, femur, and hip. These prior injuries combined with an issue with the plaintiff's sciatic nerve render him barely able to walk. The plaintiff also suffers from emphysema, COPD, and lung cancer. Additionally, the plaintiff has severe bone and nerve damage to his left arm.

Despite these medical issues being well documented, defendant Dr. McMurdo ordered that the plaintiff's wheelchair be taken from him and that he be put on Crew 2 status. Without the aid of his wheelchair, the plaintiff must walk over a mile three times per day in order to have his blood levels checked and to eat. The plaintiff is often unable to walk to the dining hall and is rapidly losing weight from not eating. When he does attempt to walk to the dining hall he has to

stop numerous times to catch his breath and ease the pain from walking.  Defendant Dr. McMurdo has also refused to issue the plaintiff a duty status which requires the use of flex cuffs for transport to accommodate the pain in the plaintiff's left arm.  *See* R. Docs. 1, 4, 5, and 10.

In response to the plaintiff's allegations, the defendants have asserted that they are entitled to qualified immunity in connection with the plaintiff's claims.  The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks.  *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012).  As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights.  *Id.* at 201.  Second, the district court looks to whether the rights allegedly violated were clearly established.  *Id.*  This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition.  *Id.*  The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted.  *Id.*

Undertaking the qualified immunity analysis, the Court finds that the defendants' motion should be granted in part.  Specifically, the Court concludes that the plaintiff has failed to state a claim against defendants Kent and LeBlanc because he has not alleged sufficient personal involvement on the part of these defendants.  As to defendant Dr. McMurdo, the Court concludes that the plaintiff has stated a claim for deliberate indifference to his serious medical needs, and the defendants' motion should be denied in this regard.

In order for there to be liability in connection with a claim of deliberate medical indifference, an inmate plaintiff must allege that appropriate medical care has been denied and that the denial has constituted "deliberate indifference to serious medical needs." *Estelle v.*

*Gamble*, 429 U.S. 97, 106 (1976); *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir.1985). Whether the plaintiff has received the treatment or accommodation that he believes he should have is not the issue. *Estelle v. Gamble*, *supra*. Nor do negligence, neglect, unsuccessful treatment, or even medical malpractice, give rise to a § 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir.1991). Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 839–30 (1994). As stated in *Farmer*, to be liable on a claim of deliberate indifference, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. The deliberate indifference standard sets a very high bar: the plaintiff must be able to establish that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001), *quoting Estelle v. Gamble*, *supra*. Further, a mere delay in providing medical treatment does not amount to a constitutional violation without both deliberate indifference and a resulting substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir.1993).

The Court finds that the plaintiff has failed to allege sufficient personal involvement on the part of defendants Kent and LeBlanc. In order for a prison official to be found liable under § 1983, the official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Any allegation that the defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or

*respondeat superior* is alone insufficient to state a claim under § 1983.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978).  *See also Bell v. Livingston*, 356 F. App'x. 715, 716–17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability").  Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must allege that the deprivation of his constitutional rights occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law.  *Lozano v. Smith*, *supra*, 718 F.2d at 768.

The plaintiff has made no allegations of personal involvement on the part of aforementioned defendants with regards to his medical care.  Accordingly, the plaintiff's deliberate indifference claims against defendants Kent and LeBlanc should be dismissed and the plaintiff agrees.  *See* R. Doc. 18.

The plaintiff does make an allegation of personal involvement on the part of defendant Dr. McMurdo.  Accepting the plaintiff's allegations as true, it appears that Dr. McMurdo engaged in conduct that evinces a wanton disregard for the plaintiff's serious medical needs.  The plaintiff's medical problems, which render him unable to walk without pain and shortness of breath, are well documented.  Despite this, Dr. McMurdo ordered that the plaintiff's wheelchair be taken away.  As a result, the plaintiff is often unable to walk to the dining hall and is losing weight rapidly.  When the plaintiff does attempt to make the walk, he must stop several times due to pain and due to exacerbation of his medical conditions.  Additionally, defendant Dr. McMurdo has refused to issue a duty status requiring the use of flex cuffs resulting in the plaintiff having to refuse to attend appointments because he would otherwise suffer from bone

and nerve pain in his left arm. As such, the plaintiff has stated a claim against Dr. McMurdo for deliberate indifference to his serious medical needs.

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, given the Court's recommendations, the Court further recommends that the exercise of supplemental jurisdiction be declined as the plaintiff's state law claims would substantially predominate over the claims over which the district court has original jurisdiction.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' Motion to Dismiss (R. Doc. 13) be granted in part, dismissing the plaintiff's claims against defendants Kent and Leblanc, with prejudice. It is further recommended that in all other regards, the defendants' Motion to Dismiss (R. Doc. 13) be denied. It is further recommended that the Court decline the exercise of supplemental jurisdiction in connection with the plaintiff's potential state law claims, and that this matter be referred back to the Magistrate Judge for further proceedings.

Signed in Baton Rouge, Louisiana, on December 13, 2019.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**